■ PASCACK MOTEL, INC., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 49162.) — Cross appeals from a judgment in favor of claimant, entered January 26, 1971, upon a decision of the Court of Claims. On or about June 26, 1966 the State of New York, pursuant to section 30 of the Highway Law, appropriated three parcels of land owned by claimant in the Town of Clarkson, Rockland County. These parcels were strategically situated on Route 59 at the New York State Thruway Interchange, and midway between the Thruway Interchanges with the Garden State Parkway and the Palisades Interstate Parkway. Parcel 1, which contained 24.8 acres, was improved by a motel containing 22 units; apartment buildings containing 14 furnished apartments and 12 unfurnished apartments; and 120 mobile home and travel trailer sites. Other improvements consisted of oil-dressed roads, underground lines for sewer, water and gas, and patios for the mobile homes. Parcel 2, containing 1.248 acres, consisted of vacant land, triangular in shape and lying on the northerly side of Route 59, being also bounded on the north and east by Hopf Drive, and on the West by Pascack Road. Parcel 3, containing .409 acre, consisted of vacant land triangular in shape lying on the southerly side of Route 59, and was bounded on the west by Pascack Road. Both parties adopted the market approach in arriving at land values using comparables to support their opinions. The buildings and improvements presented a different problem in that no sales could be found of any property comparably developed. Both appraisers, therefore, considered the cost and economic approaches to value the buildings and improvements. Claimant's appraiser determined the value of the improvements using the economic approach to be the amount of $957,469. In doing so, he considered the property as being held in a manner similar to an annuity or a lease with a reversionary interest and applied the Inwood factor for a reversionary interest for 15 years. The State's appraiser determined the value of the improvements using the economic approach to be the amount of $76,450. The court determined the value of the land to be $1,638,060. This value, by reason of a stipulation as to acreage, entered into after the decision, was reduced to $1,614,000. When the State's land values are adjusted in accordance to the stipulation, it appears that the court adopted the land values assigned by the State's appraiser. In arriving at the value of the improvements, the court rejected the economic approach and made an award of $392,885 based upon the cost approach which it determined to be more realistic. The State contends that since Parcel 1 was not being devoted to its highest and best use, it was error for the court to make an award for improvements which were totally inconsistent with the evidence as to the highest and best use. Claimant contends that the evidence establishes that the improvements were not inconsistent with the highest and best use of Parcel 1, and further supports an increased award. Both appraisers agreed, and the court found that the highest and best use of Parcel 1 was for future development as a shopping center or modern high rise motel and related facilities. The cost approach to valuation of improvements may be utilized only if the improvements are specialties

and in the absence of any clear evidence that the improvements were in fact unique or a specialty, there is no basis upon which the court could predicate an award based upon reproduction costs less depreciation. (*McKeon* v. *State of New York,* 31 A D 2d 566; *Washburn* v. *State of New York,* 26 A D 2d 845, affd. 25 N Y 2d 1007.) We must, therefore, reject the amount of the award for improvements made by the trial court. Although the State contends that any award for improvements is error because the improvements were totally inconsistent with evidence of the highest and best use, the State's appraiser, nevertheless, found in his appraisal a value for the improvements based on the income approach of $76,450. He also testified that in his final estimate, there was a value given to the property somewhat in excess of the value found for land. While an award may not be made for improvements which are totally inconsistent with the highest and best use of the land (*Van Kleeck* v. *State of New York,* 18 N Y 2d 897; *Spano* v. *State of New York,* 22 A D 2d 757), such inconsistency or incompatibility must be established by the evidence. Since the State's appraiser presented evidence as to the value of the improvements, that valuation should be approved, and we arrive at an improvement value of $76,450. We find no merit in claimant's objections to the land values as found by the court. The judgment should, therefore, be modified by reducing the amount thereof, $2,006,885, to $1,690,450 with appropriate interest thereon. Judgment modified, on the law and the facts, by reducing the amount of the award for land and improvements to the sum of $1,690,450 with appropriate interest, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney and Kane, JJ., concur; Simons, J., dissents and votes to modify in the following memorandum: The award should be limited to the land value alone, $1,614,000, and no award should be made for the improvements. The appraisers agreed that the highest and best use of the property was as a high rise motel or as a shopping center. Both conceded that a trailer court and a small, obsolescent motel are not consistent with this use. The claimants are fully compensated by an award of $52,000 an acre for the land based upon this very valuable prospective use. They may not be given additional compensation for improvements which are entirely inconsistent with that highest and best use. (*Acme Theatres* v. *State of New York,* 26 N Y 2d 385; *Van Kleeck* v. *State of New York,* 18 N Y 2d 897.) No accepted legal theory supports claimant's contention that an award for improvements may be made solely because the improvements may have a temporary or interim use pending demolition when that use is contrary to full economic development of the property. Furthermore, it is inaccurate to say that the State recognized a value of $76,450 for the improvements by using the economic approach to valuation and it is unfair to base an award on that figure. The State's appraisal report considered the three recognized approaches to real estate valuation and under the economic approach, the appraiser arrived at a figure of $76,450. He rejected this because the improvements were inconsistent with the highest and best use. Consideration of the various appraisal methods in the report should not prejudice the State when some of the theories are specifically rejected. (*Angelotti* v. *State of New York,* 40 A D 2d 896.) The appraiser's testimony was clearly to the effect that improvements had no value or at best a negligible value which he included in land. Finally, it should be noted that by all accounts, the improvements consistently produced a net operating loss. (See *Moore* v. *State of New York,* 23 A D 2d 525, affd. 17 N Y 2d 690.) The judgment should be modified, on the law and the facts, by reducing the amount of the award to $1,614,000.